UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------ x
JOHN STARK,                    :
                               :
         Plaintiff,            :
                               :
v.                             :     Civil No. 3:16-cv-1263(AWT)
                               :
UNITED STATES OF AMERICA,      :
                               :
         Defendant.            :
------------------------------ x

**ORDER RE MOTION TO DISMISS**

The plaintiff brings a claim for negligence against the United States in connection with a February 10, 2013 auto accident that occurred in Norwalk, Connecticut. The complaint alleges that the plaintiff was a passenger in the vehicle at the time of the accident, and that the driver was a federal employee with the Office of Disaster Assistance. It further alleges that the plaintiff "was at all relevant times . . . a federal employee of the Office of Disaster Assistance . . . and acting in his official capacity." Compl. at ¶ 1. The plaintiff alleges that the driver of the automobile was negligent and that the plaintiff suffered injuries as a result of negligence.

"The [Federal Tort Claims Act ('FTCA')] waives the sovereign immunity of the United States for certain torts committed by federal employees . . . within the scope of their employment. . . . When the tort victim is also a federal employee, however, work-related injuries are compensable only under the

-1-

[Federal Employees' Compensation Act ('FECA')]." Mathirampuzha v. Potter, 548 F.3d 70, 80 (2d Cir. 2008). "Because the FECA is an 'exclusive' remedy . . . it deprives federal courts of subject-matter jurisdiction to adjudicate claims brought under the FTCA for workplace injuries that are covered by the FECA." Id. at 81. Thus, where the Secretary of Labor accepts that a given injury is covered by the FECA, that determination divests the court of jurisdiction over a plaintiff's FTCA claim.

Here, the complaint alleges that the plaintiff was a federal employee, acting in his official capacity at the time of the accident, and that the plaintiff applied for benefits in connection with the injury that is the subject of this action. In addition, it was determined that the plaintiff's injury was covered by the FECA, his claim was accepted, and he received compensation benefits. Consequently, because the plaintiff seeks to recover damages in connection with a workplace injury that has been determined to be covered by the FECA, the FECA's exclusivity provision applies, and the court lacks subject matter jurisdiction over the plaintiff's claim.

Accordingly, the United States of America's Motion to Dismiss (Doc. No. 9) is hereby GRANTED, and the complaint is hereby DISMISSED for lack of subject matter jurisdiction.

The Clerk shall close this case.

It is so ordered.

Signed this 19th day of June, 2017, at Hartford, Connecticut.

                                         /s/ AWT
                                    Alvin W. Thompson
                                    United States District Judge